IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LASHUNICA COLVIN, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| WOODLAND GLOBAL, a division of | ) | |
| WOODLAND INTERNATIONAL | ) | |
| TRANSPORT COMPANY, INC., | ) | |
| | ) | |
| Defendant. | | |

_____

## **COMPLAINT FOR DAMAGES**

**COMES NOW**, Plaintiff LaShunica Colvin ("Plaintiff" or "Colvin"), by and through undersigned counsel, and files this Complaint against Defendant Woodland Global, A Division of Woodland International Transport Company, Inc. ("Defendant" or "Woodland Global") and shows the following:

### I.   **Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA").

## II.    Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant Woodland Global, a New York corporation, resides in this district.  Defendant does business in and is engaged in commerce in the State of Georgia.  Venue is proper in this district pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claim occurred in this district.

### III.   <u>Parties</u>

5.

Plaintiff is a resident of the State of Georgia and submits herself to the jurisdiction of this Court.

6.

Defendant Woodland Global owns and operates a business at, *inter alia*, the following address in this district 1691 Phoenix Blvd, Suite 290, College Park, GA 30349.  This location was Plaintiff's primary worksite.

7.

From approximately July 1, 2013 to approximately April 25, 2016, Plaintiff was employed by Defendant. Her initial title was Air Export Coordinator.  On or about January 21, 2015, her job title was changed to Air Export Supervisor.

8.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA at 29 U.S.C. § 203(e).

9.

Plaintiff performed non-exempt labor for Defendant within the last three years.

10.

Defendant employed Plaintiff within the last three years.

11.

The period in the last three years during which Defendant employed Plaintiff is hereinafter referred to as the "relevant time period."

12.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

13.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

14.

Defendant is an "employer" within the definition of the FLSA, § 29 U.S.C. §203(d).

15.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §§ 204 and 207.

16.

Defendant Woodland Global can be served with process by serving Defendant's registered agent, Corporate Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

## IV.   Facts

17.

During the relevant time period, Plaintiff's the primary duty was the performance of non-exempt work, namely coordinating freight deliveries.

18.

During the relevant time period, Plaintiff was paid on a salary basis, and usually did not receive any additional compensation for hours worked over 40 in a workweek.

19.

During the relevant time period, Plaintiff's primary duty did not consist of sales.

20.

During the relevant time period, Plaintiff's primary duty did not consist of work directly related to management policies or the general operations of

Defendant's business.

21.

During the relevant time period, Plaintiff's primary duty did not require the exercise of discretion and independent judgment with respect to matters of significance.

22.

During the relevant time period, Plaintiff's did not supervise two (2) or more employees and had no hiring or firing authority over other employees.

23.

During relevant time period, Plaintiff regularly worked in excess of 40 hours in given workweeks without receiving overtime compensation for hours worked in excess of 40 in such weeks.

24.

Defendant knew, or with reasonable diligence could have known, about Plaintiff's unpaid overtime work.  Reasons for Defendant's knowledge include, but are not limited to, the following:  Managers frequently observed Plaintiff working in the office after regular business hours.  For part of the relevant time period, Defendant's branch manager would be copied on emails Plaintiff sent after regular business hours.  In addition, for part of the relevant time period, Defendant

maintained a sign-in, sign-out sheet showing the hours Plaintiff and other workers worked in the office.

25.

On more than one occasion during Plaintiff's employment, an employee would complaint to Defendant about not being paid overtime.   In response, Defendant would begin to pay Plaintiff and other employees overtime.   This would typically last for approximately one pay period before Defendant reverted to not paying Plaintiff and the other employees any compensation, including overtime compensation, for hours worked over 40 in a workweek.

26.

During the last three years, Defendant failed to keep accurate time records for all hours worked by Plaintiff.

27.

Plaintiff is entitled to overtime pay for the hours she worked over 40 in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207.  As a result of Defendant's unlawful practices, Plaintiff has suffered lost wages.

## Count I

## Violation of the Overtime Wage Requirement of
## the Fair Labor Standards Act

28.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

29.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of 40 hours in given workweeks.

30.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek.

31.

Defendant suffered and permitted Plaintiff to routinely work more than 40 hours per week without overtime compensation.

32.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

33.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

34.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

35.

Defendant's violations of the FLSA were willful and in bad faith.

36.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment against Defendant and award Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 207 and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)    Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D)    Grant Plaintiff leave to add additional claims if necessary; and

(E)    Award Plaintiff such further and additional relief as may be just and appropriate.

**[Signatures on next page]**

This 15th day of June, 2016.

**BARRETT & FARAHANY**

s/Benjamin A. Stark
V. Severin Roberts
Georgia Bar No. 940504
Benjamin Stark
Georgia Bar No. 601867
Attorneys for LaShunica Colvin

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
severin@justiceatwork.com
bstark@justiceatwork.com